IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-127-H
No. 5:14-MJ-2123-RJ

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| v. | )<br>) **ORDER** |
| JASON M. HOUSTON,<br>    Defendant. | )<br>) |

This matter is before the court on defendant's appeal from his misdemeanor conviction and judgment pursuant to Rule 58(g)(2)(B) of the Federal Rules of Criminal Procedure. Both parties have filed memoranda in support of their respective positions, and this matter is ripe for adjudication.

### BACKGROUND

On August 6, 2014, a criminal information was filed charging defendant with one count of driving while impaired in violation of 18 U.S.C. § 13 assimilating N.C. Gen. Stat. § 20-138.1. A bench trial was conducted before United States Magistrate Judge Robert B. Jones, Jr. on January 14, 2015, after which defendant was found guilty of the charged offense. On April 20, 2015, defendant was sentenced as a Level Five offender to a term of probation for twelve months.

Defendant filed a timely notice appealing his conviction and judgment on April 22, 2015. On appeal, defendant argues

insufficient evidence was presented to support a conviction for the charged offense. Specifically, defendant argues insufficient evidence was presented to establish the trial court's jurisdiction over the matter and the government failed to prove beyond a reasonable doubt defendant operated a motor vehicle while under the influence of an impairing substance.

## COURT'S DISCUSSION

A defendant may appeal from a conviction or sentence entered by a magistrate judge within 14 days of its entry. Fed.R.Crim.P. 58(g)(2)(B). On appeal, the defendant is not entitled to a trial de novo by the district judge; rather "[t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed.R.Crim.P. 58(g)(2)(D); see United States v. Bursey, 416 F.3d 301, 305 (4th Cir. 2005).

When a defendant challenges the sufficiency of the evidence presented in support of a conviction, reversal is only proper where the prosecutor's failure is clear. United States v. Engle, 676 F.3d 405, 419 (4th Cir. 2012). The court reviews the sufficiency of the evidence de novo. United States v. Ryan-Webster, 353 F.3d 353, 359 (4th Cir. 2003). In its review, the court must determine "whether, viewing the evidence in the light most favorable to the government, [the fact finder's] verdict is supported by 'substantial evidence,' that is, 'evidence that a

2

reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. McLean, 715 F.3d 129, 137 (4th Cir. 2013).

A violation of the assimilated North Carolina impaired driving offense under 18 U.S.C. § 13, punishable at Level Five, is a Class B misdemeanor. See 18 U.S.C. § 3559(a)(7); see also N.C. Gen. Stat. § 20-179(k). The United States Sentencing Guidelines do not apply to Class B misdemeanors. U.S.S.G. §1B1.9. Therefore, on appeal, the court reviews defendant's sentence to determine whether it is "plainly unreasonable." 18 U.S.C. § 3742(a)(4).

Having completed a thorough review of Magistrate Judge Jones' judgment, as well as the presentence report, complete transcriptions of the bench trial and sentencing hearings, and memoranda filed by both parties, this court finds that no further hearing is necessary. After careful review of the foregoing and construing the evidence in the light most favorable to the government, this court finds that defendant's guilty verdict is supported by substantial evidence. Sufficient evidence was found in the record to allow a reasonable finder of fact to conclude defendant's guilt beyond a reasonable doubt. Further, the court cannot find that the sentence imposed was unreasonable, much less plainly unreasonable.

**COURT'S DISCUSSION**

For the foregoing reasons and others more fully set forth in the government's response memorandum, [D.E. #31], the court finds that the decision of Magistrate Judge Jones is correct in all respects. Defendant's conviction and sentence are, therefore, AFFIRMED. The clerk is directed to close this case.

This 6th day of October 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34